1             IN THE UNITED STATES DISTRICT COURT
2           FOR THE SOUTHERN DISTRICT OF TEXAS
3                     MCALLEN DIVISION
4  UNITED STATES OF AMERICA    §   CASE NO. 7:19-CR-1921
                               §   MCALLEN, TEXAS
5  VERSUS                      §   MONDAY
                               §   OCTOBER 7, 2019
6  DAVID FOX                   §   4:55 P.M. TO 5:13 P.M.

7

8                     ARRAIGNMENT HEARING

9           BEFORE THE HONORABLE MICAELA ALVAREZ
                UNITED STATES MAGISTRATE JUDGE
10

11

12    APPEARANCES:                   SEE NEXT PAGE

13    COURT RECORDER:                NELIDA LOSOYA

14

15

16

17

18

19

20              TRANSCRIPTION SERVICE BY:

21        JUDICIAL TRANSCRIBERS OF TEXAS, LLC
              935 ELDRIDGE ROAD, #144
22            SUGAR LAND, TEXAS 77478
                Tel: 281-277-5325
23           www.judicialtranscribers.com

24
     Proceedings recorded by electronic sound recording;
25      transcript produced by transcription service.

```
 1                         APPEARANCES:

 2

 3  FOR THE PLAINTIFF:          U.S. ATTORNEY'S OFFICE
                                Roberto Lopez, Jr., Esq.
 4                              1701 W. Highway 83
                                Suite 600
 5                              McAllen, TX  78501
                                956-618-8010
 6

 7
    FOR THE DEFENDANT:          LAW OFFICES OF DENNIS RAMIREZ
 8                              Dennis Ramirez, Esq.
                                111 N. 17th Street
 9                              Suite D
                                Donna, TX  78537
10                              956-461-2890

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          MCALLEN, TEXAS; MONDAY, OCTOBER 7, 2019; 4:55 P.M.
2              THE COURT:  Yes, okay, in that case let me call in
3    19-1921; the United States versus David Fox.
4              MR. LOPEZ:  Government present and ready, Your
5    Honor.
6              MR. RAMIREZ:  Your Honor, Dennis Ramirez with
7    Mr. David Fox, present and ready.
8              THE COURT:  Mr. Fox, let me have you raise your
9    right hand to be sworn in.
10         (Defendant sworn.)
11             THE COURT:  Mr. Fox, I understand that you are
12   ready to enter a plea here so I need to cover with you
13   certain rights and explain to you certain other matters.  As
14   I do so, if there's anything you do not understand, please
15   make sure to let me know and I'll do my best to explain in a
16   way that does make sense.
17             Do you understand this?
18             DEFENDANT FOX:  Yes, Your Honor.
19             THE COURT:  Let me cover some background
20   information here.  First of all, how old are you?
21             DEFENDANT FOX:  50 years old, Your Honor.
22             THE COURT:  What kind of schooling do you have?
23             DEFENDANT FOX:  I have a Bachelors of Science
24   Degree from UTP.
25             THE COURT:  Are you a citizen of the United

1 States?

2 DEFENDANT FOX: Yes, Your Honor.

3 THE COURT: Are you now or have you ever been
4 under the care of any doctors, psychologist, psychiatrist,
5 any kind of mental health professional for any mental health
6 issues?

7 DEFENDANT FOX: No, Your Honor.

8 THE COURT: Are you now under the influence of any
9 alcohol, drugs, or medication?

10 DEFENDANT FOX: I take medication for Parkinson's
11 disease.

12 THE COURT: I have some basic understanding of
13 Parkinson's, but I don't know much about the medications
14 that are prescribed for it. Is there anything about the
15 fact that you have Parkinson's or take medications for it
16 that you feel would effect your mental abilities?

17 DEFENDANT FOX: No, Your Honor.

18 THE COURT: Other than the -- well, first of all,
19 is that medication prescribed medication by some medical
20 professional?

21 DEFENDANT FOX: Yes, Your Honor.

22 THE COURT: Other than that prescribed medication,
23 are you under the influence of any other kind of alcohol,
24 drug or drugs or medications now?

25 DEFENDANT FOX: No, Your Honor.

1         THE COURT:  In the last 48 hours, other than what
2  has been prescribed to you, have you taken any other kind of
3  alcohol, drugs or medications?
4         DEFENDANT FOX:  I had a beer yesterday --
5         THE COURT:  You know, you're the first person -- I
6  always think all these people out on bond and they all swear
7  they haven't had anything.  Sometimes they even say in the
8  last 72 hours and nobody has ever said anything.
9         So, you're the first person that is, I think, is
10 honest with me quite frankly.
11        But other than the beer, nothing that would still
12 effect your ability now to comprehend what we are covering
13 here today?
14        DEFENDANT FOX:  No, Your Honor.
15        THE COURT:  All right.  Now you are before the
16 Court on what's called a Criminal Information.  Have you had
17 sufficient time to talk with your attorney about that
18 Criminal Information?
19        DEFENDANT FOX:  Yes.
20        THE COURT:  And the charges set out there --
21        DEFENDANT FOX:  Yes.
22        THE COURT:  -- or the charge --
23        DEFENDANT FOX:  Yes, Your Honor.
24        THE COURT:  I understand that you were before
25 Judge Alanis, was it?

1               MR. RAMIREZ:  Yes, Your Honor.
2               THE COURT:  Yeah, Judge Alanis earlier this
3    afternoon.  He's covered with you the right to an
4    Indictment.  And you have executed a waiver of Indictment so
5    I won't go over that with you unless you have some other
6    question about that?
7               DEFENDANT FOX:  No, Your Honor.
8               THE COURT:  Okay.  Now, what I do need to cover
9    with you, Mr. Fox, is that this Criminal Information was
10   filed as of October the 3rd.  Today is only October the 7th.
11   You have the right to have at least 30 days to prepare for
12   trial in any criminal felony prosecution, but you can give
13   up that right.
14              Even though you -- I understand you're going to
15   plea today, it's basically the equivalent of proceeding to
16   trial.  So that means that if you wanted to take the
17   30 days, that you would have the right to have 30 days to
18   proceed to trial.  Do you understand that, first of all?
19              DEFENDANT FOX:  Yes, Your Honor.
20              THE COURT:  And do you wish to go forward here
21   today and give up that 30-day time to prepare for trial?
22              DEFENDANT FOX:  Yes, Your Honor.
23              THE COURT:  All right, then let me cover with you,
24   Mr. Fox, the charge set out in the Criminal Information.
25              The charge is that on or about November the 20th,

1  2018 in the Southern District of Texas and within the
2  jurisdiction of this Court, that you -- while under oath and
3  testifying in a proceeding before a Grand Jury of the United
4  States -- that you knowingly made a materially false
5  declaration by responding "no" to the question, "Did you
6  receive any money or any benefit from any individual or
7  entity in connection with casting a vote as a member of the
8  Weslaco City Commission?"  All in violation of Title 18,
9  United States Code Section 1623(a).
10         So first of all, let me back up on something that
11 I don't think I did it because I've been doing pleas all day
12 long.  But I must advise you at the very beginning that you
13 were placed under oath in connection with this proceeding.
14 That means you are subject to the penalties of perjury and
15 that any statement that you make in this proceeding can be
16 used against you.  Do you understand that?
17         DEFENDANT FOX:  Yes, Your Honor.
18         THE COURT:  Okay and now returning to the charge
19 here, Mr. Fox, the charge is not necessarily a difficult one
20 to understand, but it does require that the Government prove
21 that you were under oath -- as you have been placed under
22 oath here today -- that it was in a Grand Jury proceeding
23 where you were asked the question as, you know, I stated
24 from the information that you received benefit for casting a
25 vote.  And that you answered "no" to the question.

1           That would be basically what would need to be
2  proven by the Government to convict you on this charge.  Do
3  you understand that?
4           DEFENDANT FOX:  Yes, Your Honor.
5           THE COURT:  Do you have any questions about this
6  information or the charge itself?
7           DEFENDANT FOX:  No, Your Honor.
8           THE COURT:  In connection with this charge,
9  Mr. Fox, as I mentioned a few moments ago, you do have
10 certain rights.
11          First of all, you do have the right to enter a
12 plea of not guilty to the charge.  If you wish to go forward
13 with a plea of not guilty, chances are it would be then go
14 through an Indictment.  But none of this -- if you wish to
15 go forward with a plea of not guilty, you have the right to
16 have a jury trial.
17          The jury is made up of 12 citizens of this
18 community and the jury is the one that would decide whether
19 you are guilty or not guilty.
20          In connection with a jury trial, you have the
21 right to have the Government present the witnesses that the
22 Government has to testify against you.  You have the right,
23 through your attorney, to ask questions of those witnesses.
24 You also have the right to present witnesses of your own and
25 to compel them to be present to testify even if they do not

1  wish to do so.
2           And you have the right to testify, if you wish to
3  testify, but you do not have to testify.  If you choose not
4  to testify, the fact that you chose not to testify will not
5  be considered by the jury as being evidence that you are
6  guilty or evidence of any thing else in the case.
7           These are rights that you have if you wish to go
8  forward with a plea of not guilty in the case.  Do you
9  understand this?
10          DEFENDANT FOX:  Yes, Your Honor.
11          THE COURT:  If you do enter a plea of guilty, you
12 will be giving up the right to have a jury trial; you will
13 be giving up the right to have the witnesses presented both
14 yours and the Government's.
15          You will also be giving up your right to remain
16 silent because the Government's attorney will tell me the
17 facts of your case.  I will ask you questions about those
18 facts, and you will have to answer those questions for me.
19 Do you understand this?
20          DEFENDANT FOX:  Yes, Your Honor.
21          THE COURT:  With that understanding then, do you
22 wish to give up the right to have a jury trial, the right to
23 have the witnesses presented and the right to remain silent?
24 Do you wish to give up those rights by entering a plea of
25 guilty?

1              DEFENDANT FOX:  Yes, Your Honor.
2              THE COURT:  Have you spoken with your attorney
3    about what you may be facing by way of punishment if you
4    are, in fact, found guilty on this charge?
5              DEFENDANT FOX:  Yes, Your Honor.
6              THE COURT:  The law provides that you can be
7    sentenced to a term of imprisonment of up to five years.
8    There's no actual amount as a minimum required, but it can
9    be up to five years of prison time.
10             You are also facing a fine of up to $250,000.  You
11   are facing a possible term of release or a term of release
12   that can be up to three years.  And supervised -- we call it
13   "supervised release."  Supervised release is a period of
14   time after you've been convicted, whether or not you have
15   served a long period of time.
16             After any period of imprisonment, you can be kept
17   under court supervision.  You are ordered to do or not do
18   certain things and violating any of the Court's Orders could
19   result in you having to serve more time in prison for this
20   offense even if you have not committed a new offense.
21             Do you understand this as well?
22             DEFENDANT FOX:  Yes, Your Honor.
23             THE COURT:  And then there's also something we
24   call a "special assessment" of $100 that you will be ordered
25   to pay regardless of whether you can afford to do so or not.

1  Do you also understand this?

2          DEFENDANT FOX:  Yes, Your Honor.

3          THE COURT:  That is the law that applies to this
4  type of charge.  In deciding your actual sentence, the Court
5  will consider something that we call the "Guidelines."

6          Did you talk with your attorney about the
7  Guidelines that perhaps you reviewed a chart that looks this
8  (indicating)?

9          DEFENDANT FOX:  Yes, Your Honor.

10         THE COURT:  The guidelines are a way that we come
11 up with a range of months that I have to consider in
12 deciding your actual sentence.  There is a lot of
13 information that goes into calculating the guideline range.

14         Basically, what will happen is that if you do
15 enter a plea of guilty and I find you guilty, your case will
16 be set for sentencing.  I will order a Pre-Sentence
17 Investigation Report to be completed.

18         From that report, we'll gather the information
19 necessary to come up with your guideline range.  At the time
20 of sentencing, I will consider all the information presented
21 to me both through that report and through your attorney as
22 well as the Government.

23         I will also consider the guidelines that apply to
24 your case as well as the law that applies to sentencing.  I
25 will then decide what sentence you should receive.  That

1  sentence can be within your guideline range, it could be
2  less than your guideline range, or it could be more than
3  your guideline range, provided I do not sentence you above
4  the five-year maximum that applies to your case and no more
5  than three year term of supervised release.
6           Do you understand this?
7           DEFENDANT FOX:  Yes, Your Honor.
8           THE COURT:  I want to emphasize something else
9  here, Mr. Fox.  That is you are pleading to a single count
10 here of making a false statement.  My understanding is that
11 this case is tied to another case and even from the question
12 in the information, that there is some connection to this
13 other case.
14          Depending on the particulars here, the Court at
15 the time of sentencing can consider all relevant conduct and
16 some of that may go into calculating the guidelines.  And so
17 it's important that you understand that the guidelines cover
18 sometimes more than just what you have plead to.
19          Again, at the time of sentencing, I consider
20 everything presented to me.  And everything can include
21 something more than just the actual facts that goes to this
22 actual plea.  Do you understand that as well?
23          DEFENDANT FOX:  Yes, Your Honor.
24          THE COURT:  Now, it's also important that you
25 understand that while I expect your attorney to have come up

1  with a guideline range that your attorney believes will
2  apply to your case, that is not a promise or a guarantee.  I
3  will be the one to determine what the correct guideline
4  range is.  I do not do that until the time of sentencing.
5           So whatever your attorney has told you that he
6  believes will be your guideline range, that could turn out
7  to be different at the time of sentencing.  Do you also
8  understand this?
9           DEFENDANT FOX:  Yes, Your Honor.
10          THE COURT:  Do you have any questions at all about
11 any thing I've covered with you, Mr. Fox?
12          DEFENDANT FOX:  No, Your Honor.
13          THE COURT:  Have you understood everything that
14 I've covered with you?
15          DEFENDANT FOX:  Yes, Your Honor.
16          THE COURT:  Is there a plea agreement as to
17 Mr. Fox?
18          MR. LOPEZ:  Your Honor, in light of the fact that
19 it is a single-count information, there is no plea
20 agreement.
21          THE COURT:  All right, so Mr. Fox, the Government
22 indicates -- and actually let me back up.
23          Mr. Lopez, was there any offer?
24          MR. LOPEZ:  No, Your Honor.
25          THE COURT:  Okay.

1          MR. LOPEZ:  He gets the exception regardless.
2          THE COURT:  I understand that.  Just have the
3  record here.
4          Okay, Mr. Fox, the Government indicates it has not
5  made you any sort of promise to get you to enter a plea of
6  guilty here.  Do you believe that there has been any promise
7  of any sort made to you by anybody, whether it be the
8  Government, your attorney or anybody else to get you to
9  plead guilty?
10         DEFENDANT FOX:  No, Your Honor.
11         THE COURT:  Has anybody threatened you or tried to
12 force you or coerce you into entering a plea of guilty?
13         DEFENDANT FOX:  No, Your Honor.
14         THE COURT:  Do you wish to enter a plea of guilty
15 freely and voluntarily?
16         DEFENDANT FOX:  Yes, Your Honor.
17         THE COURT:  And do you wish to do so because you
18 are, in fact, guilty as charged in the Criminal Information?
19         DEFENDANT FOX:  Yes, Your Honor.
20         THE COURT:  As to this charge then, how do you
21 plead, guilty or not guilty?
22         DEFENDANT FOX:  Guilty, Your Honor.
23         THE COURT:  The Government will now state for me
24 the facts of this case.  Please listen carefully.  Once I
25 hear from the Government, I will ask you a few questions.

1           DEFENDANT FOX: Yes, Your Honor.

2           MR. LOPEZ: On or about November 20th, 2018, in
3 the Southern District of Texas and within the jurisdiction
4 of the Court, Defendant David Fox, while under oath and
5 testifying in a proceeding before a Grand Jury of the United
6 States sitting in McAllen, Texas knowingly made a material
7 false declaration by responding "no" to the question, "Did
8 you receive any money or any benefit from any individual or
9 entity in connection with casting a vote as a member of the
10 Weslaco City Commission posed by Assistant United States
11 Attorney, (indiscernible), Jr.

12           Defendant knew prior to providing testimony that
13 the Federal Bureau of Investigation and the Grand Jury were
14 investigating bribes received and paid to Weslaco City
15 Commissioners relating to the City of Weslaco Water and
16 Waste Water Treatment facilities. Therefore, the Defendant
17 knew that his response of "no" to the question was material
18 to the Grand Jury investigation.

19           Subsequent to testifying, the Defendant admitted
20 that he had received at least $2,000 in bribes from an
21 individual that he believed were intended to influence his
22 voting and decisions in connection with the Weslaco Water
23 and Waste Water Treatment facilities while serving as a
24 Weslaco City Commissioner.

25           Defendant knew that the no response to the

1  question, "Did you receive any money or any benefit from any
2  individual or any entity in connection with casting a vote
3  as a member of the Weslaco City Commission?" was false at
4  the time he -- at the time he made such statement and that
5  it was material to the Grand Jury's investigation.
6             THE COURT:  Mr. Fox, do you agree with what the
7  Government stated?
8             DEFENDANT FOX:  Yes, Your Honor.
9             THE COURT:  So first of all, you do admit that you
10 testified before the Grand Jury; is that correct?
11            DEFENDANT FOX:  Yes, Your Honor.
12            THE COURT:  And that before you started your
13 testimony, you were placed under oath.  You understood that
14 you were placed under oath here?
15            DEFENDANT FOX:  Yes, Your Honor.
16            THE COURT:  And that you were asked the question,
17 "Did you receive any money or benefit from any individual or
18 entity in connection with casting a vote as a member of the
19 Weslaco City Commission?"  You were asked that question; is
20 that correct?
21            DEFENDANT FOX:  Yes, Your Honor.
22            THE COURT:  And you answered "no;" is that
23 correct?
24            DEFENDANT FOX:  Yes, Your Honor.
25            THE COURT:  And you knew at the time that the

1  Grand Jury and the FBI were investigating the water
2  treatment issues now with the City of Weslaco. You knew
3  that at the time that you were asked that question; is that
4  correct?
5           DEFENDANT FOX: Yes, Your Honor.
6           THE COURT: And you also knew that your answer of
7  no was not, in fact, a correct; is that also correct?
8           DEFENDANT FOX: Yes, Your Honor.
9           THE COURT: And in particular because you knew at
10 the time that you answered no to this question that you had,
11 in fact, received $2,000 from some individual that was
12 intended to influence your vote in connection with your
13 responsibilities and duties as a member of the Weslaco City
14 Commission; is that also correct?
15          DEFENDANT FOX: Yes, Your Honor.
16          THE COURT: Thank you, Mr. Fox.
17          The Court -- was there something else?
18          DEFENDANT FOX: No, Your Honor.
19          THE COURT: Okay, sorry I thought you were about
20 to say something.
21          All right, Mr. Fox, the Court does find that you
22 are competent to enter a plea; that you understand the
23 nature of the charges against you, as well as the
24 consequences of entering a plea. That you are entering a
25 plea of guilty freely and voluntarily and that there is a

1  factual basis for the plea of guilty.
2           The Court does find you guilty as charged in the
3  Criminal Information.  The Court also does find that you
4  have knowingly and voluntarily waived your right to the
5  30-day preparation for trial.
6           The Court does find you guilty as charged in the
7  Criminal Information.  I'll set your case for sentencing on
8  January the 9th at 2:00 p.m. with a pre-sentence
9  investigation and report to be completed by November the
10 12th.  Objections to be filed by November the 26th, with the
11 final report due on December the 10th.
12          And I take it that Judge Alanis did set bond?
13          MR. LOPEZ:  Yes.
14          THE COURT:  Okay.
15          MR. LOPEZ:  Your Honor, in that regard, there is
16 one condition that was set that Mr. Fox has brought to my
17 attention as well as defense counsel that he is told to
18 report to pre-trial to submit some part of analysis.
19 Unfortunately in light of timing, I don't think he's able to
20 make it today, but.
21          THE COURT:  Would you be able to report tomorrow,
22 Mr. Fox?
23          MR. RAMIREZ:  Your Honor, he's already scheduled
24 to be here at 9:15.  We've discussed that issue.  With
25 Court's permission, if he may provide a specimen at that

1 time?

2        THE COURT:  The Court will extend the report time
3 to tomorrow 9:15.

4        MR. RAMIREZ:  Thank you.

5        THE COURT:  And the other order will continue the
6 order of release of Judge Alanis be in place here.

7        MR. LOPEZ:  Thank you, Your Honor.

8        MR. RAMIREZ:  Thank you, Your Honor.

9        THE COURT:  Anything else at this time?

10        MR. RAMIREZ:  I don't believe so.

11        THE COURT:  All right, thank you.  You may be
12 excused.

13     (Proceedings concluded at 5:13 p.m.)

14                  *  *  *  *  *

15     *I certify that the foregoing is a correct*
16 *transcript to the best of my ability produced from the*
17 *electronic sound recording of the proceedings in the above-*
18 *entitled matter.*

19 */S/ MARY D. HENRY*

20 *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

21 *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**337*

22 *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

23 *JTT TRANSCRIPT #61068*

24 *DATE FILED:  NOVEMBER 21, 2019*

25